Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERTO BAUTISTA FRANCO BACCANELLI,

                        Plaintiff,

          -against-

THE REPUBLIC OF ARGENTINA,

                        Defendant.
------------------------------------------------------------------ x

07 CV 3851 (TPG)

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

        Pursuant to Local Rule 56.1, plaintiff submits the following Statement of Material Facts as to which there is no genuine issue to be tried:

        1.     Plaintiff acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continues to own them. *See* the accompanying declaration of Roberto Bautista Franco Baccanelli, dated October 30, 2007 (the "Baccanelli Dec.") at ¶ 3. This declaration and the accompanying exhibit establish plaintiff's current ownership of Bonds issued by Argentina pursuant to the USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA") in the aggregated principal amounts of (i) $341,000 having the ISIN No. XS0043118172 and CUSIP No. P04981BQ1; and (ii) $972,000 having the ISIN No. XS0043119147 and CUSIP No.

P04981BN8.

A.  **<u>The Bonds</u>**

2. Argentina issued the Bonds pursuant to a USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA") (a copy of the DPB FAA, and the Form of Discount Bond and Par Bond, which is annexed as Exhibit 1 to the Collateralized Discount Bond and Par Bond Exchange Agreement, dated as of December 6, 1992 (the "1992 Bond Form") are annexed to the Complaint, dated May 15, 2007,[1] as Exhibits A and B, respectively).

3. In that agreement, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that each of the agreements and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl. Ex. A § 16; Ex. B § 6.07.

4. Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl. Ex. B at Ex. 1, pp. 24-26.

5. Section 10 of the Form of Discount Bond and Par Bond further provides that following either of the foregoing events of default, "registered holders of 25% or more in aggregate outstanding principal amount of the [DPB] Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the [DPB] Bonds immediately due and payable," together with all accrued interest. *See* Compl. Ex. B at Ex. 1, p. 26.

---

[1] A true and correct copy of the Complaint, dated May 15, 2007 (the "Complaint" or "Compl.") is annexed to the Declaration of Regina Alter, dated November 15, 2007 (the "Alter Declaration") as Exhibit 1.

2

B.  **Argentina's Default On The Bonds**

      6.    On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due plaintiff. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision").

      7.    Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

      8.    In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the DPB FAA. *See* Ans. at ¶ 11.[2]

      9.    This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes events of default. *See*

---

[2] A true and correct copy of the Answer to the Complaint, dated July 16, 2007 (the "Answer" or "Ans.") is annexed to the Alter Declaration as Exhibit 2.

3

*Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Mazzini* Decision at *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds). *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM's unconditional legal right to collect on the bonds").

        10.     By reason of Argentina's default, and in accordance with Section 10(e) of the Form of Discount Bond and Par Bond, on or about February 13, 2007, the Fiscal Agent communicated to the holders of the DPB Bonds that the Fiscal Agent received written communication from the holders of more than 25% of the principal amount outstanding of the DPB Bonds and that those holders had declared all of the DPB Bonds to be immediately due and payable ("the "Notice"). *See* Compl. Ex. C.

Dated: New York, New York
      November 15, 2007

**DREIER LLP**

By: _____
Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff*