CONFORMED COPY

# USD DISCOUNT BOND AND PAR BOND FISCAL AGENCY AGREEMENT

Dated as of April 7, 1993

Among

## THE REPUBLIC OF ARGENTINA,

## CITIBANK, N.A.,

as Fiscal Agent, Authenticating Agent,
Paying Agent, Registrar, Transfer Agent
and Calculation Agent,

## CITIBANK (LUXEMBOURG) S.A.,

as Authenticating Agent,
Paying Agent and Transfer Agent

## COLLATERALIZED DISCOUNT BONDS DUE 2023

and

## COLLATERALIZED PAR BONDS DUE 2023

# T A B L E   O F   C O N T E N T S

USD. DISCOUNT BOND AND PAR BOND FISCAL AGENCY AGREEMENT

| Section | | Page |
|---|---|---|
| 1. | General | 1 |
| 2. | Appointment of Agents | 3 |
| 3. | Global and Definitive Bonds | 5 |
| 4. | Duties of Authenticating Agents | 13 |
| 5. | Duties of Fiscal Agent and Paying Agents | 15 |
| 6. | Duties of Registrar and Transfer Agents | 25 |
| 7. | Duties of Calculation Agent | 31 |
| 8. | Redemption | 32 |
| 9. | Resignations or Removals of Agents | 33 |
| 10. | Further Conditions to Duties of Agents | 35 |
| 11. | Disclaimer of Liability | 36 |
| 12. | Meetings of Bondholders | 40 |
| 13. | Notices | 43 |
| 14. | Maintenance of Agents | 44 |
| 15. | Amendments | 44 |
| 16. | Applicable Law; Consent to Jurisdiction; Waiver of Immunities | 45 |
| 17. | Binding Effect; Partial Invalidity; Language | 49 |
| 18. | Section Headings | 49 |
| 19. | Execution in Counterparts | 49 |

**EXHIBITS**

Exhibit A   – Form of Bond
Exhibit B   – Form of Non–U.S. Global Bond and U.S.
              Temporary Global Bond
Exhibit C   – Form of U.S. Temporary Escrow Global Bond

**SCHEDULES**

Schedule A-1 – Form of Transferor Certificate as to Definitive
               U.S. Bonds
Schedule A-2 – Form of Transferee Certificate as to Definitive
               U.S. Bonds
Schedule B   – Form of Transferor Certificate as to transfers
               of Definitive U.S. Bonds under Rule 904
Schedule C   – Form of Transferor Certificate as to transfers
               of Definitive U.S. Bonds under Rule 144A

**ANNEXES**

Annex A – Definitions

USD DISCOUNT BOND AND PAR BOND FISCAL AGENCY
AGREEMENT (the "Agreement"), dated as of April 7, 1993, among
THE REPUBLIC OF ARGENTINA ("Argentina"), CITIBANK, N.A.
("Citibank"), as Fiscal Agent, Authenticating Agent, Paying
Agent, Registrar, Transfer Agent and Calculation Agent and
CITIBANK (LUXEMBOURG) S.A. ("CBL"), as Authenticating Agent,
Paying Agent and Transfer Agent.

SECTION 1.   GENERAL.

(a)  Bond Exchange Agreement.  Argentina has entered
into a Collateralized Discount Bond and Par Bond Exchange
Agreement dated as of December 6, 1992 (the "Discount Bond
and Par Bond Exchange Agreement") providing for the issuance
by Argentina of USD Discount Series L Bonds Due 2023
("Discount Series L"), USD Discount Series U Bonds Due 2023
("Discount Series U"), USD Par Series L Bonds Due 2023
("Par Series L"), USD Par Series U Bonds Due 2023 ("Par
Series U", and, together with Discount Series L, Discount
Series U and Par Series L, the "Bonds").  Notwithstanding the
foregoing, no Discount Series U or Par Series U Bonds will be
issued on the Exchange Date and all references to Discount
Series U or Par Series U Bonds herein or in the Terms and
Conditions of the Bonds shall be of no further effect.  This
Fiscal Agency Agreement relates to the issuance of the
Bonds.  Capitalized terms used herein but not otherwise
defined in Annex A are used herein as defined in the Bonds.

(b)  Issuance.  The Bonds of each Series are, except
as provided below and in Section 3, to be issued in
definitive registered form without coupons.  The Bonds of
each Series shall be issued:

(i)  in the case of Bonds in definitive form, in
denominations of U.S. $250,000 and multiples thereof;
provided, however, that:

(x) if the aggregate principal amount of Bonds
of any Series represented by a beneficial interest
in the Global Bond for such Series held by any
Bondholder is less than U.S.$250,000, a definitive
Bond of such Series in such principal amount
(rounded downward to the nearest U.S. $1,000) may be
issued to such Bondholder in exchange for such
beneficial interest; and

(y) if the aggregate principal amount of Bonds
of any Series represented by a beneficial interest
in the Global Bond for such Series held by any
Bondholder is greater than U.S.$250,000 but not an
integral multiple of U.S.$250,000, and such

2

Bondholder wishes to exchange all of such beneficial interest for definitive Bonds of such Series, all but one of the definitive Bonds of such Series will be issued in denominations of U.S.$250,000 and integral multiples thereof and one definitive Bond of such Series will be issued in the amount in excess of U.S.$250,000 but less than U.S.$500,000, in such an amount that by itself or when added together with one or more definitive Bonds of such Series (each in the amount of U.S.$250,000 or integral multiples thereof) will equal the aggregate principal amount of Bonds represented by such beneficial interest and such definitive Bond or Bonds will be issued to such Bondholder in exchange for all of such beneficial interest, and

(ii)  in the case of beneficial interests in a Global Bond, in minimum denominations of U.S. $1,000 and multiples thereof (rounded downward to the nearest U.S. $1,000).

The Bonds of each Series are to be issued as whole Bonds that include all interest and principal components.  The (x) definitive Bonds (y) Non-U.S. Global Bond and U.S. Temporary Global Bond and (z) U.S. Temporary Escrow Global Bonds, as applicable, for each Series shall be substantially in the forms of Exhibits A, B and C, respectively, and shall be numbered, lettered or otherwise distinguished in such manner or in accordance with such procedures as an Authorized Official of Argentina may determine with the agreement of the Registrar.

(c)  Securities Act Legend.  Each U.S. Global Bond and all definitive Bonds issued in exchange therefor prior to the first day after the second anniversary of the Exchange Date shall include the legend set forth in the first paragraph of Exhibit A, referred to herein as the "Securities Act Legend".

(d)  Original Issue Discount Legend.  If Argentina has notified the Fiscal Agent that it is necessary to affix an original issue discount legend on the Bonds and Global Bonds for any Series of Bonds, the Fiscal Agent shall affix to the face of each Bond and Global Bond such legend provided by Argentina in accordance with the United States Internal Revenue Code of 1986, as amended (the "Code"), and any regulations thereunder, and any new Bonds issued thereafter

3

to any holders thereof shall continue to carry such legend.
The Fiscal Agent shall not have any duty to confirm any of
the information for any original issue discount legend
provided by Argentina.

(e) <u>Signatures</u>. The Bonds shall be executed on
behalf of Argentina by the manual or facsimile signature of
any present or future Authorized Official of Argentina. In
case any person who shall have executed any Bond shall cease
to hold the office by virtue of which such person so executed
such Bond before such Bond shall be authenticated and
delivered by the Authenticating Agent, such Bond may
nevertheless be authenticated and delivered as though such
person had not ceased to be an Authorized Official of
Argentina.

(f) <u>Certificate of Authentication</u>. Only such Bonds
as shall bear thereon a certificate of authentication
substantially in the form indicated on the respective
Exhibits hereto executed by an Authenticating Agent by the
manual signature of one of its authorized signatories shall
be entitled to the benefits of this Agreement and the
Collateral Pledge Agreement or be valid and binding for any
purpose. Such certificate by the Authenticating Agent upon
any Bond executed by Argentina shall be conclusive evidence
that the Bond so authenticated has been duly authenticated
and delivered hereunder.

SECTION 2.   APPOINTMENT OF AGENTS.

(a) <u>Fiscal Agent</u>. Argentina hereby appoints
Citibank as its fiscal agent in respect of each Series of
Bonds, upon the terms and subject to the conditions set forth
herein (such bank or any successor appointed as fiscal agent
in accordance with Section 9 is herein called the "<u>Fiscal
Agent</u>"). As to each Series of Bonds, the Fiscal Agent shall
have the powers and authority granted to and conferred upon
it herein and in the Bonds and such further powers and
authority to act on behalf of Argentina as Argentina may
hereafter grant to or confer upon it with its written
concurrence.

(b) <u>Authenticating Agents</u>. Argentina hereby
appoints the offices specified in Section 2(h) of Citibank in
New York City and in London and of CBL in Luxembourg as its
authenticating agent in respect of each Series of Bonds, upon
the terms and subject to the conditions set forth herein and
in the Bonds (each of such banks or any successor appointed

4

as the authenticating agent in accordance with Section 9 is
herein called an "Authenticating Agent").   Each
Authenticating Agent shall have the powers and authority
granted to and conferred upon it herein and in each Series of
Bonds and such further powers and authority to act on behalf
of Argentina as Argentina may hereafter grant to or confer
upon it with its written concurrence.

        (c)  Paying Agents.  Argentina hereby appoints the
offices specified in Section 2(h) of Citibank in New York
City and in London and of CBL in Luxembourg as its paying
agents in respect of each Series of Bonds, upon the terms and
subject to the conditions set forth herein and in the Bonds
(each such bank or any successor appointed as a paying agent
in accordance with Section 9 is herein called a "Paying
Agent").  Each Paying Agent shall have the powers and
authority granted to and conferred upon it herein and in the
Bonds and such further powers and authority to act on behalf
of Argentina as Argentina may hereafter grant to or confer
upon it with its written concurrence.

        (d)  Registrar.  Argentina hereby appoints Citibank
as its registrar in respect of each Series of Bonds, upon
the terms and subject to the conditions set forth herein
(such bank or any successor appointed as such registrar
in accordance with Section 9 is herein called the
"Registrar").  The Registrar shall have the power and
authority granted to and conferred upon it herein and in each
Series of Bonds, and such further powers and authority to act
on behalf of Argentina as Argentina may hereafter grant to or
confer upon it with its written concurrence.

        (e)  Transfer Agents.  Argentina hereby appoints
each of the principal office of Citibank in London and the
principal office of CBL in Luxembourg as its transfer agents
in respect of each Series of Bonds, upon the terms and
subject to the conditions set forth herein (each such office
or any other office appointed as transfer agent in accordance
with Section 9 is herein called a "Transfer Agent").  Each
Transfer Agent shall have the powers and authority granted to
and conferred upon it herein and in the Bonds, and such
further powers and authority to act on behalf of Argentina as
Argentina may hereafter grant to or confer upon it with its
written concurrence.

        (f)  Calculation Agent.  Argentina hereby appoints
Citibank as its calculation agent in respect of the USD
Discount Bonds, upon the terms and subject to the conditions
set forth herein and in the USD Discount Bonds (such bank or

5

any successor appointed as calculation agent in accordance
with Section 9 is herein called the "Calculation Agent").
The Calculation Agent shall have the powers and authority
granted to and conferred upon it herein and in the USD
Discount Bonds and such further powers and authority to act
on behalf of Argentina as Argentina may hereafter grant to or
confer upon it with its written concurrence.

(g) Agents.  The Fiscal Agent, the Authenticating
Agents, the Calculation Agent, the Paying Agents, the
Registrar and the Transfer Agents are hereinafter sometimes
collectively called the "Agents" and individually an "Agent".

(h) Offices of Agents.  The office of Citibank in
each of its capacities as Fiscal Agent, Authenticating Agent,
Paying Agent and Registrar, except as provided below, is
located at 120 Wall Street, 13th Floor, New York, New York
10043 (Telex:  ITT International 420392 NYCTA, Answerback:
FNC UI, Telex:  WU Domestic 127001 NYCTA, Answerback:
CITIBANK NYK, Facsimile Transmission:  (212) 480-1615).  The
office of Citibank, in each of its capacities as Registrar,
Fiscal Agent and Paying Agent for purposes of the
presentation of Bonds for payment or registration of transfer
or exchange, is located at 111 Wall Street, New York, New
York 10043 (Telex:  ITT International 420392 NYWSS,
Answerback:  FNC UI, Telex:  WU Domestic 127001 NYWSS,
Answerback:  CITIBANK NYK, Facsimile Transmission:
(212) 825-3483).  The principal office of Citibank in London,
in its capacities as Fiscal Agent, Authenticating Agent,
Calculation Agent, Transfer Agent and as Paying Agent, is
located at 336 Strand, London WC2R 1HB, England (Telex:
896581, Answerback:  CITIUK G, Facsimile Transmission:
011-44-71-234-5278) Attention:  Issuer Services, except that
for purposes of the presentation of Bonds for registration of
transfer or exchange such Transfer Agent's address is 11 Old
Jewry, London EC2R 8DB, England (Telex:  896581, Answerback:
CITIUK G, Facsimile Transmission:  011-44-71-438-0483).  The
office of CBL, in each of its capacities as Authenticating
Agent, Paying Agent and Transfer Agent is located at 16
Avenue Marie-Thérèse, L-2132 Luxembourg (Telex:
2588 CITIC LU, Answerback:  CTBKLU, Facsimile Transmission:
011-35-24-779-5770).

SECTION 3.  GLOBAL AND DEFINITIVE BONDS.

(a) Non-U.S. Offering.  (i) Global Bonds.  The
Bonds of each Series (x) to be issued originally on the
Exchange Date to Purchasers indicated on Schedule A to the
Discount and Par Bond Exchange Agreement as being Non-U.S.

6

Persons (other than those electing on such Schedule A to receive Bonds pursuant to Section 4(2) of the Securities Act) or (y) to be released on the Escrow Release Date, under Section 3.05(d)(i) of the Discount Bond and Par Bond Exchange Agreement, to Purchasers indicated on such Schedule A as being Non-U.S. Persons (other than those electing on such Schedule A to receive Bonds pursuant to Section 4(2) of the Securities Act), shall be in registered form and evidenced by a global Bond for such Series (a "Non-U.S. Global Bond"), substantially in the form of Exhibit B hereto.

On the Exchange Date (A) Argentina shall deliver to an Authenticating Agent, in London or Luxembourg, the Non-U.S. Global Bond for each Series of the Bonds in an aggregate principal amount equal to the aggregate principal amount of all Bonds of such Series to be issued on the Exchange Date to Purchasers indicated on Schedule A to the Discount and Par Bond Exchange Agreement as being Non-U.S. Persons (other than those electing on such Schedule A to receive Bonds pursuant to Section 4(2) of the Securities Act) and (B) upon appropriate instructions from or on behalf of Argentina, such Authenticating Agent shall authenticate such Non-U.S. Global Bond. Each such Non-U.S. Global Bond shall be dated as specified in Section 4(c) hereof and duly executed on behalf of Argentina as provided in Section 1(e) hereof and, upon authentication thereof, delivered outside the United States to Union Bank of Switzerland, as common depositary (the "Common Depositary") for Cedel, S.A. ("Cedel") and for Morgan Guaranty Trust Company of New York, Brussels office, as operator of the Euroclear Clearance System (the "Euroclear Operator"), for the account of the holders of beneficial interests therein. Argentina shall notify the Euroclear Operator and Cedel in writing of the Exchange Date and the Escrow Release Date.

(ii) Transferability of Beneficial Interests in a Non-U.S. Global Bond. A holder of beneficial interests in the Non-U.S. Global Bond of a Series may transfer such beneficial interests, in whole or in part, in accordance with the policies and procedures established by the Euroclear Operator or Cedel, as the case may be.

(iii) Stock of Definitive Bonds. As soon as practicable, but in any event not more than 30 days after the Exchange Date, and from time to time thereafter within 30 days of any written request of the Fiscal Agent, Argentina will execute and deliver to the Authenticating Agent, in London and Luxembourg, for safekeeping and subsequent authentication and delivery to the Fiscal Agent, the

7

Registrar or the Transfer Agent, as the case may be, outside the United States, a stock of definitive Bonds in registered form for each Series in such quantity as Argentina, after consultation with the Fiscal Agent, determines to be sufficient to permit the exchange of beneficial interests in each Non-U.S. Global Bond for definitive Bonds of such Series in the case of the initial delivery of definitive Bonds after the Exchange Date or as the Fiscal Agent may request in the case of any subsequent delivery of definitive Bonds.  From time to time, upon instructions from the Fiscal Agent and Argentina, an Authenticating Agent shall authenticate and deliver definitive Bonds of a Series to the Fiscal Agent, the Registrar or a Transfer Agent.

(iv)  Exchange for Definitives.  On or after the first Business Day occurring 30 days after the date on which the stock of definitive Bonds is received by the Fiscal Agent as provided in clause (iii) above, a holder of a beneficial interest in a Non-U.S. Global Bond of a Series may exchange all or part of such beneficial interest for definitive Bonds of such Series, substantially in the form of Exhibit A hereto, by instructing the Euroclear Operator or Cedel, as the case may be, to instruct the Common Depositary to request the Fiscal Agent to effect such exchange.  Such instructions shall specify the name and address of the registered holder, the denominations of the definitive Bonds of such Series, each in an Authorized Denomination, to be delivered to such holder and any other information reasonably requested by the Fiscal Agent.  Upon receipt of any such request from the Fiscal Agent to provide definitive Bonds to effect such exchange, an Authenticating Agent shall date and authenticate the appropriate definitive Bonds as provided herein and shall deliver such authenticated Bonds as directed by the Fiscal Agent.  As soon as practicable thereafter, the Fiscal Agent shall cause such definitive Bonds to be made available to the holder of such beneficial interest at the offices of the Fiscal Agent in London or a Transfer Agent or the Authenticating Agent in London or Luxembourg and, at such time shall instruct the Common Depositary to endorse the Schedule to such Non-U.S. Global Bond to reflect such exchange.  The Registrar shall register each definitive Bond in the name or names so specified by the Common Depositary. If Argentina has not previously delivered to an Authenticating Agent a sufficient number of definitive Bonds, such Authenticating Agent shall promptly notify the Fiscal Agent and Argentina to such effect and Argentina shall deliver to such Authenticating Agent outside the United States the requisite number of duly executed definitive Bonds not later than the 30th day following the date of such request.

8

(v) <u>Endorsements</u>.  In the event that the Fiscal
Agent receives instructions from Argentina and the Closing
Agent pursuant to Section 3.05(c)(i) of the Discount Bond and
Par Bond Exchange Agreement to instruct the Common Depositary
to endorse the Schedule to the Non-U.S. Global Bond for a
Series to increase the outstanding principal amount thereof,
and provided that the Fiscal Agent shall also have received
instructions from Argentina and the Closing Agent under
Section 3.05(c)(ii) of such Exchange Agreement (with a copy
of such instructions to the Escrow Agent) to make a
corresponding decrease in the U.S. Temporary Escrow Global
Bond, the Fiscal Agent shall instruct the Common Depositary
to endorse the Schedule to the Non-U.S. Global Bond to
reflect an increase in the aggregate outstanding principal
amount thereof by the aggregate principal amount specified in
such instructions.

Upon the exchange of all or a portion of the
Non-U.S. Global Bond of a Series for definitive Bonds for
such Series, the Fiscal Agent shall request the Common
Depositary to endorse the Schedule to such Global Bond to
reflect a corresponding reduction in the principal amount of
such Non-U.S. Global Bond.  The Fiscal Agent shall also
request the Common Depositary to endorse the Schedule to the
Non-U.S. Global Bond of a Series to reflect (1) any
redemption or payment of the principal amounts represented
thereby or any cancellation of principal amounts upon
surrender of beneficial interests in such Non-U.S. Global
Bond purchased or otherwise acquired by Argentina or on its
behalf, (2) any transfer of definitive Bonds of such Series
bearing the Securities Act Legend pursuant to Rule 904 of
Regulation S to a transferee that intends to hold the Bonds
so transferred through the facilities of the Euroclear
Operator or Cedel, as contemplated by Section 6(d)(G) hereof
and (3) any exchange by a Bondholder of definitive Bonds of a
Series that do not bear the Securities Act Legend for
beneficial interests in the Non-U.S. Global Bond of such
Series.  The Fiscal Agent shall also request the Common
Depositary to endorse the Schedule to the Non-U.S. Global
Bond to reflect any payment of interest in respect of such
Bond.  The Non-U.S. Global Bonds shall not be endorsed so as
to increase or decrease the principal amount thereof, except
as provided in this Agreement.

(vi) <u>Certain Prohibited Exchanges</u>.  Definitive Bonds
of a Series that bear the Securities Act Legend may not be
exchanged for an equivalent beneficial interest in the
Non-U.S. Global Bond of such Series except as provided in
Section 6(d)(G) hereof.

9

(vii) <u>Obligations Absolute</u>. None of the foregoing provisions of this Section 3(a) nor the provisions of any Bond shall alter or impair the obligation of Argentina, which is absolute and unconditional, to pay the principal of, and interest on, the Bonds in accordance with their terms.

(b) <u>U.S. Offering and Escrow Account</u>. (i) (A) <u>U.S. Temporary Global Bonds</u>. The Bonds of each Series (1) to be issued on the Exchange Date to Purchasers indicated on Schedule A to the Discount Bond and Par Bond Exchange Agreement as being U.S. Persons or Non-U.S. Persons electing to receive Bonds pursuant to Section 4(2) of the Securities Act and (2) to be released on the Escrow Release Date, under Section 3.05(d)(i) of the Discount Bond and Par Bond Exchange Agreement, to Purchasers indicated on such Schedule A as being U.S. Persons or Non-U.S. Persons electing to receive Bonds pursuant to Section 4(2) of the Securities Act shall be in registered form and evidenced by a temporary global bond for such Series (a "<u>U.S. Temporary Global Bond</u>"), substantially in the form of Exhibit B hereto.

On the Exchange Date, (x) Argentina shall deliver to the Authenticating Agent, in New York, the U.S. Temporary Global Bond for each Series of Bonds in an aggregate principal amount equal to the aggregate principal amount of all Bonds of such Series to be issued on the Exchange Date to Purchasers indicated on Schedule A to the Discount Bond and Par Bond Exchange Agreement as being U.S. Persons or Non-U.S. Persons electing to receive Bonds pursuant to Section 4(2) of the Securities Act and (y) upon appropriate instructions from or on behalf of Argentina, the Authenticating Agent in New York shall authenticate such U.S. Temporary Global Bond. Each such U.S. Temporary Global Bond shall be dated as specified in Section 4(c) hereof and duly executed on behalf of Argentina as provided in Section 1(e) hereof and delivered in New York to the Registrar for the benefit of the holders of beneficial interests therein. The Registrar shall not record or give effect to any transfer of a beneficial interest in the U.S. Temporary Global Bonds.

(B) <u>U.S. Temporary Escrow Global Bonds</u>. The Par Series L Bonds and Discount Series L Bonds to be issued on the Exchange Date to the Escrow Agent under Section 2.01(a)(ii) of the Discount Bond and Par Bond Exchange Agreement shall be in registered form and evidenced by a temporary global bond (a "<u>U.S. Temporary Escrow Global Bond</u>") for each such Series of Bonds, registered in the name of the Escrow Agent or its nominee, substantially in the form of Exhibit C hereto.

10

On the Exchange Date, (1) Argentina shall deliver to the Authenticating Agent, in London or Luxembourg, the U.S. Temporary Escrow Global Bond for each Series of the Bonds, in an aggregate principal amount equal to the aggregate principal amount of all Bonds of such Series to be issued to the Escrow Agent on the Exchange Date and (2) upon appropriate instructions from or on behalf of Argentina, the Authenticating Agent in London or Luxembourg shall authenticate such U.S. Temporary Escrow Global Bond. Each such U.S. Temporary Escrow Global Bond shall be dated as specified in Section 4(c) hereof and duly executed on behalf of Argentina as provided in Section 1(e) hereof and delivered to the Escrow Agent. The Registrar shall not record or give effect to any transfer of a beneficial interest in a U.S. Temporary Escrow Global Bond except in connection with the commencement of an interpleader pursuant to Section 3.05 of the Discount Bond and Par Bond Exchange Agreement. The Escrow Agent shall not assign or transfer its interests in any U.S. Temporary Escrow Global Bond except to a successor escrow agent.

(ii) Stock of Definitives. As soon as practicable, but in any event not more than 30 days after the Exchange Date, and from time to time thereafter within 30 days of any written request of the Fiscal Agent, Argentina will execute and deliver to the Authenticating Agent in New York for safekeeping and subsequent authentication and delivery to the Fiscal Agent, the Registrar or a Transfer Agent, a stock of definitive Bonds for each Series in such quantity as Argentina, upon consultation with the Fiscal Agent, determines to be sufficient to permit the exchange of beneficial interests in the U.S. Temporary Global Bond for each Series for definitive Bonds of such Series in registered form pursuant to Section 3(b)(iii) below. From time to time, upon instructions from the Fiscal Agent and Argentina, an Authenticating Agent shall authenticate and deliver definitive Bonds of a Series to the Fiscal Agent, Registrar or Transfer Agent.

(iii) Exchange for Definitives. (A) U.S. Temporary Global Bonds. On or after the first Business Day occurring 30 days after the date on which the stock of definitive Bonds is received by the Fiscal Agent as provided in clause (ii) above, beneficial interests in the U.S. Temporary Global Bond of a Series shall be exchanged for definitive Bonds of such Series.

(B) U.S. Temporary Escrow Global Bonds. The Escrow Agent may not exchange any beneficial interests in respect of the U.S. Temporary Escrow Global Bond for definitive Bonds

11

unless and to the extent that such exchange is necessary to obtain jurisdiction over Persons other than Purchasers claiming an interest in such Bonds in an interpleader relating to such Bonds commenced pursuant to Section 3.05 of the Discount Bond and Par Bond Exchange Agreement.

(C) Mechanics of Exchange. Any Person receiving a definitive Bond in exchange for a beneficial interest in the U.S. Temporary Global Bond (or, in the case of any exchange under Section 3(b)(ii)(B), the Escrow Agent) shall specify to the Fiscal Agent the name and address of the registered holder, the denominations of the definitive Bonds of such Series, each in an Authorized Denomination, to be delivered to such holder and any other information reasonably requested by the Fiscal Agent. Upon receipt of any request from the Fiscal Agent to provide definitive Bonds to effect such exchange, the Authenticating Agent shall date and authenticate the appropriate definitive Bonds as provided herein and shall deliver such authenticated Bonds as directed by the Fiscal Agent. As soon as practicable thereafter, the Fiscal Agent shall cause such definitive Bonds to be made available to the registered holders thereof at the offices of the Registrar in New York and at such time shall instruct the Registrar to endorse the Schedule to such U.S. Temporary Global Bond to reflect such exchange. The Registrar shall register each definitive Bond in the name or names of the registered holders thereof. If Argentina has not previously delivered to an Authenticating Agent a sufficient number of definitive Bonds, such Authenticating Agent shall promptly notify the Fiscal Agent and Argentina to such effect and Argentina shall deliver to such Authenticating Agent and the Closing Agent the requisite number of duly executed definitive Bonds not later than the 30th day following the date of such request.

(iv) Endorsements. (A) U.S. Temporary Global Bonds. In the event that the Fiscal Agent receives instructions from Argentina and the Closing Agent pursuant to Section 3.05(c)(i) of the Discount Bond and Par Bond Exchange Agreement to instruct the Registrar to endorse the Schedule to the U.S. Temporary Global Bond for a Series to increase the outstanding principal amount thereof, and provided that the Fiscal Agent shall also have received instructions from Argentina and the Closing Agent under Section 3.05(c)(ii) of such Exchange Agreement (with a copy of such instructions to the Escrow Agent) to make a corresponding decrease in the U.S. Temporary Escrow Global Bond, the Fiscal Agent shall

12

instruct the Registrar to endorse such Schedule to the U.S. Temporary Global Bond to reflect an increase in the outstanding principal amount thereof by the aggregate principal amount specified in such instructions.

Upon the exchange of all or a portion of the U.S. Temporary Global Bond of a Series for definitive Bonds for such Series, the Fiscal Agent shall request the Registrar to endorse the Schedule to such U.S. Temporary Global Bond to reflect a corresponding reduction in the principal amount of such U.S. Temporary Global Bond.  The Fiscal Agent shall also request the Registrar to endorse the Schedule to the U.S. Temporary Global Bond of a Series to reflect any cancellation of principal amounts upon surrender of Bonds purchased or otherwise acquired by, or on behalf of, Argentina.  The U.S. Temporary Global Bonds shall not be endorsed so as to increase or decrease the principal amount thereof, except as provided in this Agreement.

(B)  U.S. Temporary Escrow Global Bonds.  In the event that the Fiscal Agent receives instructions from Argentina and the Closing Agent pursuant to Section 3.05(c)(ii) of the Discount Bond and Par Bond Exchange Agreement to endorse the Schedule to the U.S. Temporary Escrow Global Bond for any Series to decrease the outstanding principal amount thereof, the Fiscal Agent shall endorse the Schedule to such U.S. Temporary Escrow Global Bond at the offices of the Escrow Agent to reflect a decrease in the aggregate principal amount thereof, and the aggregate principal amount of Escrowed Principal Bonds represented thereby, by the amount specified in such instructions.

The Fiscal Agent shall also endorse the Schedule to the U.S. Temporary Escrow Global Bond of a Series to reflect any exchange of beneficial interests in such U.S. Temporary Escrow Global Bond for definitive Bonds pursuant to Section 3(b)(iii)(B) hereof and shall request the Escrow Agent to endorse such Schedule to reflect any redemption or payment of the principal amounts represented thereby and any interest payments in respect thereof.  The U.S. Temporary Escrow Global Bond shall not be endorsed so as to increase or decrease the principal amount in respect thereof, except as provided in this Agreement.

(v)  Certain Prohibited Exchanges.  Definitive Bonds and beneficial interests in the Non-U.S. Global Bond of a Series may not be exchanged for a beneficial interest in the U.S. Temporary Global Bond of such Series.

13

(vi) <u>Obligations Absolute</u>. None of the foregoing provisions of this Section 3(b) nor the provisions of any Bond shall alter or impair the obligation of Argentina, which is absolute and unconditional, to pay the principal of, and interest on, the Bonds in accordance with their terms.

(c) <u>Warranties on Deposit of Bonds</u>. Argentina represents and warrants that any Bonds it deposits under this Agreement and the certificates therefor, upon due authentication thereof by the Authenticating Agent acting under this Agreement, will be validly issued and outstanding, and that Argentina is duly authorized to deposit such Bonds and that such Bonds, when completed, delivered and duly authenticated pursuant to this Agreement, will constitute the legal, valid and binding obligation of Argentina. Such representations and warranties shall survive the deposit of such Bonds.

(d) <u>Global Bonds Entitled to Benefits</u>. (i) Except as provided in the Global Bond for a Series and in this Agreement, such Global Bond, and the Bonds evidenced thereby, shall in all respects be entitled to the same benefits under this Agreement as definitive Bonds authenticated and delivered hereunder; <u>provided</u>, <u>however</u>, that until beneficial interests in a U.S. Temporary Global Bond have been exchanged for definitive Bonds, payments of interest on Bonds represented by such U.S. Temporary Global Bonds shall be made to the Fiscal Agent to be held in trust for the holders of beneficial interests therein.

(ii) Beneficial interests in the Global Bonds (x) may be transferred and sold only as units that include all interest and principal components and may not be separated, directly or indirectly, into component interest and principal portions and (y) may not be converted directly or indirectly into unregistered form.

SECTION 4. DUTIES OF AUTHENTICATING AGENTS.

(a) <u>Original Issue and Subsequent Exchanges</u>. Each of the Authenticating Agents shall, following delivery to it by Argentina of each Global Bond as provided in Section 3, and upon instructions from the Fiscal Agent and Argentina, authenticate, by execution of each certificate of authentication appearing thereon, date and deliver such Global Bond in the manner provided in Section 3.

(b) <u>Replacements, Transfers or Exchange</u>. At the times and in the manner specified in Section 6, upon request by the Fiscal Agent to an Authenticating Agent for

14

replacement of definitive Bonds to be delivered in the event of (i) mutilation, destruction, loss or theft or (ii) transfer, exchange or partial redemption, such Authenticating Agent shall authenticate such Bonds by execution of the certificate of authentication thereon, and shall thereupon deliver such Bonds to the Fiscal Agent, the Registrar or the Transfer Agent, as so instructed by the Fiscal Agent.

(c) Dating. Each Global Bond of any Series shall be dated the earlier of the Exchange Date and March 31, 1993. Each definitive Bond shall be dated the date of its authentication.

(d) Obligation of Argentina. Argentina shall execute and deliver to the Authenticating Agent Bonds in such amounts and at such times as to enable the Fiscal Agent to fulfill its responsibilities under this Agreement.

(e) Authorized Officials of Argentina. From time to time Argentina will furnish the Agents with a certificate of a Certifying Officer of Argentina, certifying as to the authority, incumbency and specimen signatures of representatives of Argentina who shall be authorized to execute Bonds and to give notices under this Agreement on behalf of Argentina (each, an "Authorized Official"). Until the Agents receive a subsequent certificate from a Certifying Officer of Argentina, the Agents shall be entitled to rely on the last such certificate delivered to them for purposes of determining the Authorized Officials.

(f) Other Duties. The Authenticating Agent will perform the duties of the Authenticating Agent set forth in this Agreement and such other duties as may be reasonably requested by Argentina to give effect to this Agreement and the Terms and Conditions of the Bonds.

(g) Binding Signatures. An Authenticating Agent shall not have any responsibility to Argentina to determine by whom or by what means a signature may have been affixed on any Bond to determine whether any signature is genuine or if such signature resembles the specimen signature(s) filed with the Authenticating Agent by a Certifying Officer of Argentina. Any Bond in the form attached hereto bearing the signature of a person who is an Authorized Official on the date such signature is affixed shall bind Argentina after the authentication thereof by the Authenticating Agent, notwithstanding that such person shall have ceased to hold his or her office on the date such Bond is authenticated or delivered by the Authenticating Agent.

15

SECTION 5.  DUTIES OF FISCAL AGENT AND PAYING AGENTS.

(a) Payments. (i) Except as provided in Section 5(b)(ii) hereof payment of the interest on the Bonds of each Series (including additional amounts payable in respect thereof under Paragraph 5 of the Terms and Conditions and interest on overdue amounts) shall be made by the Fiscal Agent and each Paying Agent to the persons, in the manner and at the times contemplated by the Bonds of such Series, out of moneys deposited for such payments by or on behalf of Argentina with the Fiscal Agent as provided in Section 5(b)(i) hereof or out of moneys and/or the proceeds of securities deposited for such payments by or on behalf of the Collateral Agent with the Fiscal Agent as provided in Section 4.04 of the Collateral Pledge Agreement.

(ii) Except as provided in Section 5(b)(ii) hereof, payment of the principal of the Bonds of each Series shall be made by the Fiscal Agent and each Paying Agent to the persons, in the manner and at the times contemplated by the Bonds of such Series out of moneys deposited for such payments by Argentina with the Fiscal Agent as provided in Section 5(b)(i) hereof or, in the case of payments of principal on the Bond Maturity Date for such Series, out of moneys and/or the proceeds from the sale of securities deposited for such payments by or on behalf of any Collateral Agent with the Fiscal Agent as provided in Section 3.03 or Section 3.04 of the Collateral Pledge Agreement.

(iii) All funds delivered to the Fiscal Agent by or on behalf of Argentina (and any of such funds delivered to any Paying Agent by the Fiscal Agent), including, without limitation, any funds or proceeds from the sale of securities delivered by the Collateral Agent to the Fiscal Agent pursuant to the terms of the Collateral Pledge Agreement, in respect of the Bonds of a Series shall be received by the Fiscal Agent or such Paying Agent in trust for the benefit of the Bondholders of such Series, shall be maintained in a separate account (which, in the case of the Fiscal Agent, shall be a Payment Account for such Series), and shall promptly be applied to the payment of interest on or principal of or the redemption price of the Bonds of such Series in accordance with Section 5(b)(i) hereof.

(b) Payments by Argentina. (i) Except as provided in Section 5(b)(ii) below, Argentina shall deposit or cause to be deposited in the account of the Fiscal Agent specified from time to time by the Fiscal Agent for such purpose for such Series (for each Series, its "Payment Account") in time

16

to be credited in accordance with normal banking procedures in the place of the Payment Account for such Series before 10:00 a.m. (London time) on the Business Day immediately preceding each Interest Payment Date or any date fixed for redemption for such Series and, in the case of the payment of principal on the Bond Maturity Date, at or before 10:00 a.m. (New York City time) on such date (or, if any such date (other than the Bond Maturity Date) is not a Business Day, on the next immediately preceding day which is a Business Day), the following amounts (such amounts to be invested by the Fiscal Agent for the account of Argentina as agreed upon by Argentina and the Fiscal Agent) in immediately available funds in U.S. Dollars, to be applied by the Fiscal Agent as hereinafter set forth:

(1) Amounts sufficient to pay the interest due on the Bonds of such Series (other than the Bonds referred to in Section 5(b)(ii) below) on each Interest Payment Date for such Series. The Fiscal Agent shall apply such amounts deposited and any amounts deposited with the Fiscal Agent as provided in Section 4.04 of the Collateral Pledge Agreement with respect to the Bonds of such Series to the payment of such interest in accordance with the terms of the Bonds of such Series. Interest payable on the Bonds of each Series (other than the Bonds referred to in Section 5(b)(ii) below) on an Interest Payment Date for such Series shall (except as provided in Section 5(d)) be paid to each holder of record of such Bonds on the close of business on the record date (as set forth in Section 5(d) below) for such Interest Payment Date by check mailed by the Fiscal Agent to the last address for such holder appearing in the register of the Bonds for such Series (or, at the option of each holder of at least $1,000,000 aggregate principal amount of Bonds for such Series, by wire transfer to an account with a bank in New York City or London designated by the Bondholder to the Fiscal Agent at least 15 days before such Interest Payment Date). If for any reason the amounts paid to the Fiscal Agent pursuant to this Section 5(b)(i) in respect of any Series of Bonds or pursuant to the Collateral Pledge Agreement with respect to the Bonds of any Series (other than the Bonds referred to in Section 5(b)(ii) below), are insufficient to satisfy all such claims for interest payable in respect of all such Bonds of such Series the Fiscal Agent shall not be obligated to pay any such claims until the Fiscal Agent has received the full amount then due and payable in respect of such Bonds. In addition, if the amounts to be paid by Argentina pursuant to this Section 5(b)(i) in

17

respect of any Series of Bonds or pursuant to the
Collateral Pledge Agreement on the Bond Maturity Date are
received by the Fiscal Agent (x) on such date but (y)
after 10:00 a.m. (local time) in any place of payment,
the Fiscal Agent shall not be required to make payment on
the Bond Maturity Date, may elect to pay all such claims
for interest on the next Business Day and shall not be
liable for any interest on the funds received by it, and
the holders of Bonds of such Series shall not be entitled
to any further interest or other payment from Argentina
or otherwise as a result of such delay.

(2)  Amounts sufficient to pay the principal due on
the Bonds of a Series (other than the Bonds referred to
in Section 5(b)(ii) below) on the Bond Maturity Date for
such Series or upon acceleration of such Bond Maturity
Date or, in the case of any redemption of Bonds of a
Series (other than the Bonds referred to in Section
5(b)(ii) below), an amount equal to the redemption price
of such Bonds (or portion thereof) being redeemed,
together in all cases with an amount equal to the
interest accrued and unpaid on such Bonds as of the Bond
Maturity Date for such Series, date of acceleration or
such redemption date, as the case may be, not otherwise
deposited pursuant to clause (1) above; provided,
however, that if the amounts to be paid by Argentina
pursuant to this Section 5(b)(i) in respect of any Series
of Bonds or pursuant to the Collateral Pledge Agreement
on the Bond Maturity Date are received by the Fiscal
Agent (x) on such date but (y) after 10:00 a.m. (local
time) in any place of payment, the Fiscal Agent shall not
be required to make payment on the Bond Maturity Date,
may elect to pay all outstanding principal amounts on the
next Business Day after the Bond Maturity Date and shall
not be liable for any interest on funds received by it,
and the holders of Bonds of such Series shall not be
entitled to any further interest or other payment from
Argentina or otherwise as a result of such delay.

(ii)  So long as any Bonds remain in an Escrow
Account or are deposited with a court in any interpleader
action commenced under the Discount Bond and Par Bond
Exchange Agreement, Argentina shall deposit or cause to be
deposited in the appropriate Escrow Account (located outside
the United States) in time to be credited in accordance with
normal banking procedures in the place of such Escrow Account
before 10:00 A.M. (local time) on each Interest Payment Date,
amounts in immediately available funds in U.S. Dollars
sufficient to pay (1) the interest due on such Bonds on each

18

Interest Payment Date therefor and (2) the principal due on such Bonds upon acceleration of the Bond Maturity Date or in the case of any redemption of such Bonds, an amount equal to the redemption price of such Bonds (or portion thereof) being redeemed, together in all cases with an amount equal to the interest accrued and unpaid on such Bonds as of each Interest Payment Date, date of acceleration or such redemption date, as the case may be, not otherwise deposited pursuant to clause (ii)(1) above.

(c)   Withholding Notices.   At least ten Business Days prior to the first Interest Payment Date and, if there has been any change with respect to the matters set forth in the below-mentioned certificate, at least ten Business Days prior to each date thereafter for the payment of principal of or interest on the Bonds, Argentina shall furnish the Fiscal Agent with a certificate of any one of its Authorized Officials instructing the Fiscal Agent as to (1) any circumstances in which payments of principal of or interest on the Bonds due on such date shall be subject to deduction or withholding for or on account of any taxes described in Paragraph 5 of the Terms and Conditions of the Bonds, without taking into account any exclusions set forth in such Paragraph 5 and (2) the rate of any such deduction or withholding.   If the Fiscal Agent has received a notification from any Bondholder that such Bondholder is an Argentine Person or has been notified by Argentina of the names of specific Bondholders payments to which are subject to deduction or withholding or if the Fiscal Agent has an address in Argentina for a Bondholder, then the Fiscal Agent shall consider the payments of principal of or interest on the Bonds due on such date to such Bondholder as subject to deduction or withholding for or on account of any taxes described in Paragraph 5 of the Terms and Conditions of the Bonds, without taking into account any exclusions set forth in such Paragraph 5.   If any such deduction or withholding shall be required with respect to payments of principal of or interest on the Bonds and if Argentina becomes liable to pay additional amounts pursuant to Paragraph 5 of the Terms and Conditions of the Bonds, then at least ten Business Days prior to the date of any such payment of principal or interest, Argentina will furnish the Fiscal Agent with a certificate which specifies the amount required to be withheld on such payment to Bondholders appertaining thereto and the additional amounts, if any, due to Bondholders appertaining thereto and Argentina will pay to the Fiscal Agent such additional amounts as shall be required to be paid to such Bondholders under such Paragraph 5.   Argentina agrees to indemnify the Fiscal Agent for, and to hold it harmless