UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERTO BAUTISTA FRANCO BACCANELLI,

                Plaintiff,

       -against-

THE REPUBLIC OF ARGENTINA,

                Defendant.

------------------------------------------------------------------X

07 Civ. 3851 (TPG)

**ANSWER**

    Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated May 15, 2007 (the "Complaint"), respectfully states as follows:

    1.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it entered into a Discount Bond and Par Bond Fiscal Agency Agreement dated April 7, 1993 (the "1993 DPB FAA"), and refers to the 1993 DPB FAA for its true and correct contents. The Republic admits that it issued bonds having ISINs XS0043118172 and XS0043119147.

    2.    Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

    3.    Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

    4.    Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

    5.    In response to Paragraph 5 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 1-4 of the Complaint.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 of the Complaint for its true and correct contents.

8. Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 of the Complaint for its true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10. The Republic denies the allegations contained in Paragraph 10 of the Complaint.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint. Paragraph 12 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the

referenced documents and refers to the documents cited in Paragraph 12 of the Complaint for their true and correct contents.

13. Paragraph 13 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 14 of the Complaint.

### First Affirmative Defense

25. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

26. Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

27. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights he may otherwise have.

### Fourth Affirmative Defense

28. Plaintiff's claims are barred by the doctrine of unclean hands.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fifth Affirmative Defense

29. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

30. Plaintiff's claim are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

32. Plaintiff lacks standing and/or capacity to sue, because he is not a holder of bonds within the meaning of the 1993 DPB FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claim with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 16, 2007

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (JB 3846)
Carmine D. Boccuzzi (CB 2177)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

4