UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
ROBERTO BAUTISTA FRANCO BACCANELLI,                                 :
                                                                    :
                           Plaintiff,                               :
                                                                    :   07 CV 3851 (TPG)
            -against-                                               :
                                                                    :
THE REPUBLIC OF ARGENTINA,                                          :
                                                                    :
                           Defendant.                               :
------------------------------------------------------------------- x

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), plaintiff, by his attorneys, Dreier LLP, hereby submits the following responses and objections to Defendant's First Request for the Production of Documents (the "Requests").

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests on the ground that they were served in violation of Rules 26(d) and 34(b) of the FRCP.

2.      Plaintiff objects to the Requests on the ground that they exceed and/or are inconsistent with the Court's ruling as to the types of documents plaintiff is obligated to produce in order to demonstrate its ownership of the bonds upon which he brings his claims. *See* Transcript from hearing before the Court on September 28, 2005, at p. 31.

3.      Plaintiff objects to the Requests on the ground that this Court already denied identical requests in related proceedings. *See, e.g., Mazzini v. The Republic of Argentina*, No. 03 WL 743090 (TPG), 2005 WL 743090, at *3 - *4 (S.D.N.Y. March 31, 2005) (the "*Mazzini* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003) (the

"*Lightwater* Decision"); *Allan Applestein TTEE FBO D.C.A. Grantor Trust v. The Province of Buenos Aires*, No. 02 Civ. 1773 (TPG), 2003 WL 1990206, at *4 (S.D.N.Y. Apr. 29, 2003) (the "*Applestein* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision"); *Etevob, et al. v. The Republic of Argentina, et al.*, No. 03 Civ. 1680 (TPG) (the "*Etevob*" Decision) and *Franceschi, et al. v. The Republic of Argentina*, No. 03 Civ. 4693 (TPG) (the "*Franchesi*"); Transcript from the hearing before the Court on March 5, 2004, at pp. 30-32.

    4.    Plaintiff objects to the Requests to the extent that they seek information concerning defendant's affirmative defense of N.Y. Judiciary Law Section 489 (champerty), because this Court has already considered and denied this affirmative defense in previous related proceedings. *See Lightwater* Decision, at *4-5; *Mazzini* Decision, at *3-4.

    5.    Plaintiff objects to the Requests on the grounds and to the extent that they exceed, are inconsistent with, or attempt to broaden the scope of discovery permitted by the FRCP and/or applicable case law.

    6.    Plaintiff objects to the Requests, including each of the "Definitions" and "Instructions" and each individual request, on the grounds and to the extent that they seek to impose obligations different from or in addition to those imposed by, and/or exceed the scope of permissible discovery under, the FRCP.

    7.    Plaintiff objects to each of the Requests on the grounds and to the extent that they call for the production of documents containing confidential or proprietary information, trade or business data or information, trade secrets, competitively sensitive information, other non-public or proprietary information, or any other information the disclosure of which would be harmful to the business interests of Plaintiff, or invasive of his privacy. To the extent Plaintiff

agrees to produce documents in response to the Requests, Plaintiff expressly reserves the right to seek protective relief from the Court, if necessary, to protect his legitimate interests.

8. Plaintiff objects to the Requests to the extent that they seek information subject to any privilege, including without limitation, the attorney-client privilege, the work product doctrine and/or any other applicable privilege. In the event that Plaintiff produces any document that is the subject of any privilege, claim of confidentiality, or other objection, such production is inadvertent and shall not constitute a waiver of any privilege, claim of confidentiality, or other objection, either generally or specifically, with respect to such material or the subject matter thereof.

9. Plaintiff objects to the Requests to the extent that they seek information not within the possession, custody or control of Plaintiff.

10. These objections and responses are made without waiver of, or prejudice to, any further objections or rights of Plaintiff. Plaintiff reserves all objections to the relevance, materiality and admissibility of any information provided in these responses.

11. Plaintiff objects to each of the Requests to the extent that they call for the production of data in electronic form or data contained in any form of electronic storage media, on the grounds of overbreath and undue burden.

12. Plaintiff objects to the Requests to the extent that they are vague, overly broad, indefinite, confusing, burdensome, oppressive, compound, conjunctive, disjunctive, lack sufficient precision to formulate a response or are not reasonably calculated to lead to the discovery of admissible evidence.

13. These General Objections apply to all of Plaintiff's responses set forth herein. To the extent that Specific Objections are made in a specific response, they are provided

because they are believed to be particularly applicable to the specific request and should not be construed as a waiver of any General Objection.

14. Plaintiff reserves the right to amend or supplement these responses if and when it has the opportunity to obtain additional information.

## SPECIFIC OBJECTIONS AND RESPONSES

**Document Request No. 1:**

All confirmations and account statements concerning Your purchase or acquisition of Republic Bonds. If You acquired Republic Bonds at any time prior to December 2001, all confirmations and account statements establishing proof of beneficial ownership as of December 2001.

**Response:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 2:**

All Documents, other than those produced in response to Document Request No. 1, establishing Your continued ownership of Republic Bonds.

**Response:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 3:**

All Documents concerning Your purpose in acquiring Your Republic Bonds.

**Response:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: New York, New York
      July 18, 2007

                                        DREIER LLP

                                        By: _____
                                              Marc S. Dreier (MD-9713)
                                              Joel A. Chernov (JC-8789)
                                              Regina M. Alter (RA-7014)
                                        499 Park Avenue
                                        New York, New York 10022
                                        (212) 328-6100

                                        *Attorneys for Plaintiff*