Westlaw.

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22120745 (S.D.N.Y.))

Page 1

▷
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

EM LTD., Plaintiff,
v.
THE REPUBLIC OF ARGENTINA, Defendant.

No. 03 Civ.2507 TPG.

Sept. 12, 2003.
As Corrected Sept. 16, 2003.

Owner of foreign bonds sued republic that defaulted on them after they were issued, seeking to recover amounts due by virtue of default. Upon owner's motion for summary judgment and republic's motion for stay of proceedings to permit it to proceed on efforts to achieve debt restructuring, the District Court, Griesa, J., held that: (1) bond owner sufficiently alleged its unconditional legal right to collect on bonds; (2) bond owner was entitled to payment in United States dollars pursuant to terms of bond certificates; (3) bond owner's purchase of bonds with intention of collecting on them did not violate New York Judiciary Law; and (4) though republic was not entitled to stay of summary judgment in favor of bond owner, execution of judgment would be delayed for one month.

Plaintiff's motion granted, subject to one month stay of execution; defendant's motion denied.

See also 2003 WL 1878420.

**[1] International Law ⚖ 10.30**
221k10.30 Most Cited Cases

Bond owner sufficiently alleged its unconditional legal right to collect on foreign bonds issued by republic that defaulted by declaring moratorium and failing to make interest payments; owner, as holder of at least 25% interest in aggregate principal amount of securities in bond series, was entitled by notice to declare principal amount due immediately, owner notified republic's fiscal agent, and republic did not provide evidence sufficient to raise doubt as to validity of owner's claim.

**[2] International Law ⚖ 10.30**
221k10.30 Most Cited Cases

Acceleration provision in certificates governing bonds issued by republic to bond owner, which provided that upon republic's default the owner could declare principal amount of all securities in series to be due and payable as set forth in fiscal agency agreement, did not exclude owner's right to payment in United States dollars, even though face value of series was stated in Argentine peso; certificates explicitly provided payment could be in dollars at rate of one dollar for one peso, certificates's election clause allowed owner to elect to receive payment in United States dollars by giving written notice to republic's fiscal agent, and owner gave republic's fiscal agent notice of its dollar election.

**[3] Champerty and Maintenance ⚖ 4(.5)**
74k4(.5) Most Cited Cases

Bond owner's purchase of foreign bonds from republic with intention of collecting on them, even though owner clearly had in mind that lawsuit might be necessary to collect on bonds, did not violate state law prohibiting purchase of bond with intent and for purpose of bringing an action or proceeding on bonds. McKinney's Judiciary Law, § 489.

**[4] Action ⚖ 68**
13k68 Most Cited Cases

Foreign republic was not entitled to stay of summary judgment motion, entered in favor of owner of republic's bonds granting owner right to recover on bonds following republic's default, under doctrine of comity; republic was entitled, however, to stayed execution of judgment for one month to

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22120745 (S.D.N.Y.))

Page 2

permit republic to proceed on its efforts to achieve debt restructuring.

*OPINION*

GRIESA, J.

*1 Plaintiff EM Ltd. ("EML") is the owner of bonds issued by the Republic of Argentina. The Republic has defaulted on the bonds. EML is suing to recover amounts due to it by virtue of the default. It has moved for summary judgment, claiming that the Republic's obligation is unconditional and that there are no defenses.

The Republic opposes the motion, asserting various defenses. In addition, the Republic requests that this action be stayed because the Republic is engaged in efforts to achieve a debt restructuring.

The motion of EML for summary judgment on its bond obligations is granted. The motion of the Republic for a stay of the proceedings is denied, except that the court stays execution of EML's judgment temporarily, as will be described.

*Facts*
*The Bond Issue*

This case involves a series of Argentine pesos (AR$) bonds, issued by the Republic of Argentina, called the "10 % New AR$ Global Bond" due September 19, 2008. The Series is numbered ISIN # XS0130278467. The Series was issued on June 19, 2001 and is due for principal payment on September 19, 2008. Interest payments on the bonds are paid bi-annually on March 19 and September 19 of each year.

EML owns bonds with a value of AR$ 595,396,345.

The Series was issued by the Republic of Argentina through its fiscal agent, Deutsche Bank AG, London. EML's claim, and defendants do not deny, that the Series is governed by the terms of (i) an October 19, 1994 Fiscal Agency Agreement ("FAA") between the Republic of Argentina and Bankers Trust Company (to which Deutsche Bank AG is the successor), (ii) an amendment to the FAA dated April 21, 1998, and (iii) two certificates setting forth the terms and conditions of the Series.

The FAA provides that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Upon an event of default, a holder of not less than 25 % of the aggregate principal in the Series is entitled to declare the entire Series in default. Such bondholder may give notice declaring the principal amount immediately due and payable.

Section 22 of the FAA states that the Republic of Argentina waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York.

The certificates state that the bonds in the Series are "direct, unconditional, unsecured and unsubordinated obligations of the Republic."

The documents governing the Series contain terms regarding event of default, consent to suit, and jurisdictional waiver that are essentially identical to those pertaining to the bonds about which this court entered summary judgement in favor of the plaintiffs on May 14, 2003. *Lightwater Corporation Ltd. v. The Republic of Argentina*, Nos. 02 Civ. 3804(TPG), 02 Civ. 3808(TPG), 02 Civ. 5832(TPG), 2003 WL 1878420. They also contain essentially identical language about the bonds being "direct, unconditional, unsecured and unsubordinated obligations."

*Default and Litigation*

*2 As discussed more extensively in the court's *Lightwater* opinion, 2003 WL 1878420 at *2, the Republic of Argentina is experiencing the worst economic crisis in its history. The country's gross domestic product has contracted severely each year since 1999, and tax collections have dropped sharply.

During 2001 many businesses and individuals were making substantial withdrawals of capital from the banking system, with at least $20 billion being withdrawn. As a result, on December 1, 2001 the Republic imposed restrictions on depositors' access to bank accounts, freezing $60 billion in pesos and dollars and limiting withdrawals to $1,000 per month.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22120745 (S.D.N.Y.))

Page 3

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. This moratorium is still in effect.

The Republic failed to make the March 19, 2002 interest payments on the bonds held by EML. On April 11, 2002, UBS Warburg, acting on behalf of EML, provided Deutsche Bank with notice of default and declared acceleration of principal.

EML filed this lawsuit on April 10, 2003. EML claims that it is owed about $ 700 million in principal and interest. Moreover, EML seeks payment in U.S. dollars, at the rate of one U.S. dollar to one Argentine peso, claiming that such election is provided for under the terms and conditions of the bonds.

*Discussion*

In the *Lightwater, Old Castle,* and *Macrotecnic,* cases this court has already granted summary judgment to the plaintiff bondholders seeking to collect on Argentine bonds which went into default as a result of the December 24, 2001 moratorium. This court found that:

> The obligations of the Republic on the bonds involved in these lawsuits are unconditional. Sovereign immunity has been waived. The Republic defaulted on the bonds when it ceased to pay the interest. This would seem to mean that the Republic now owes the three plaintiffs principal and accrued interest.

2003 WL 1878420 at *4.

[1] The court finds nothing in the record to distinguish this case as to EML's unconditional legal right to collect on the bonds. EML provided affidavits and statements of account to show that it is the beneficial owner of the bonds. Argentina has defaulted on the bonds by declaring a moratorium and failing to make interest payments. As the holder of not less than 25 % in aggregate principal amount of the securities of the Series, EML was entitled, by notice, to declare the principal amount owed to it due and payable immediately under the terms and conditions of the certificates and the FAA. EML has so notified Argentina's fiscal agent. The Republic has not provided evidence sufficient to raise doubt as to the validity of EML's claim.

*U.S. Dollar Election*

[2] The Republic claims that the acceleration provision in the certificate excludes the bondholder's election of payment of accelerated principal in U.S. dollars at the rate of one U.S. dollar for one Argentine peso. The Republic relies on the certificates, which provide:

> *3 If an Event of Default (as defined in the Fiscal Agency Agreement) occurs and is continuing then the holders of not less than 25 % in aggregate principal amount of the Securities of this Series, by notice in writing to the Republic at the specified office of the Fiscal Agent, shall declare the principal amount (that is, the par value) of all the Securities of this Series to be due and payable as set forth in the Fiscal Agency Agreement.

The Republic argues that, because the par or face value of the Series is stated in Argentine peso, that is AR$, the acceleration provision excludes payment in U.S. dollars.

The court finds the Republic's argument to be without merit. The certificates provide for an election as defined by the following language:

> *with respect to any payment,* the Holder of this Security elects to receive such payment in U.S. dollars by giving notice to the Fiscal Agent in writing not later than the close of business on the fifth business day prior to the applicable Interest Payment Date, the Maturity Date *or other date of payment, as the case may be* ... [emphasis added].

The date of payment of accelerated principal plus interest constitutes such "other date of payment," and notice of dollar election was given by EML in its notice of acceleration. Moreover, the certificates explicitly provide that such payment can be in U.S. dollars at the rate of one U.S. dollar for one Argentine peso:

> The holder may elect to receive payments of principal and interest in U.S. dollars, in which case payment be made in U.S. dollars at the ratio of one U.S. dollar to one Argentine peso regardless of changes in foreign exchange rates.

Language in the acceleration provision that refers to "par value" therefore does not, in the opinion of the court, limit the accelerated payment to its par value in Argentine pesos. EML is thus entitled to the par value of its bonds at an exchange rate of one U.S. dollar to one Argentine peso.

The above reasoning applies not only to the accelerated principal but to the defaulted interest payment due March 19, 2002.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22120745 (S.D.N.Y.))

Page 4

*N.Y. Judiciary Law § 489*

[3] The Republic contends that EML violated Section 489 of the New York Judiciary Law, which prohibits buying a bond "with the intent and for the purpose of bringing an action or proceeding thereon." The Republic argues that there are factual issues in this regard which require discovery and possible trial, and cannot be dealt with by summary judgment.

Relying on the Second Circuit's decision in *Elliott Assoc. v. Banco de la Nacion,* 194 F.3d 363 (2d Cir.1999), the court has already addressed this issue in *Lightwater,* 2003 WL 1878420 at *4-5, and concluded as follows. Where a bond is purchased with the intent to collect on that bond, the statute is not violated even though there is also an intention to collect by a lawsuit if necessary.

The circumstances of the bonds purchase by EML demonstrate conclusively that EML bought its bonds with the intention of collecting on them, even though they clearly had in mind that a lawsuit might be necessary. There was, therefore, no violation of § 489. The court does not believe that discovery and trial could develop any set of facts which would contradict these conclusions.

*The Application for a Stay*

*4 [4] The Republic asks the court to stay the proceedings under the doctrine of comity. The court, however, has addressed the basic issues regarding a stay in *Lightwater,* 2003 WL 1878420 at *5-6, and in that decision made an analysis of the controlling Second Circuit case, *Pravin Banker Assoc. v. Banco Popular del Peru,* 109 F.3d 850 (2d Cir.1997). As a result of that analysis the court declined, in *Lightwater* and the accompanying cases, to stay the motions for summary judgment, and granted the motions. The court, however, stayed execution of judgment for one month. In those cases two further limited stays were granted, the last of which expires midnight September 16, 2003.

Despite the argument of the Republic to the contrary, the court rules that the EML case should be dealt with no differently from the other cases, at least as to the granting of summary judgment.

Therefore application to stay the summary judgment motion is denied.

*Conclusion*

EML's motion for summary judgment is granted. Judgment will be entered for the par value of the bonds payable in U.S. dollars, plus accrued interest, at the rate of one U.S. dollar for one Argentine peso. The motion of the Republic for a stay of proceedings is denied, except that execution on EML's judgment is stayed until midnight September 16, 2003. A hearing will be held on September 15, 2003, regarding whether additional stays should be granted in this and other cases.

SO ORDERED.

2003 WL 22120745 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

http://print.westlaw.com/delivery.html?dest=atp&dataid=B005580000004424000459076?    5/17/2004

Westlaw.

Date of Printing: MAY 17,2004

KEYCITE

▷EM Ltd. v. Argentina, 2003 WL 22120745 (S.D.N.Y., Sep 12, 2003) (NO. 03 CIV.2507 TPG)
History
Direct History

=>  1  **EM Ltd. v. Argentina,** 2003 WL 22120745 (S.D.N.Y. Sep 12, 2003) (NO. 03 CIV.2507 TPG)
         *Order Amended by*
H   2  EM Ltd. v. Republic of Argentina, 2003 WL 22454934 (S.D.N.Y. Oct 27, 2003) (NO. 03 CIV. 2507 (TPG))

© Copyright 2004 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

Westlaw.

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22454934 (S.D.N.Y.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

EM LTD., Plaintiff,
v.
THE REPUBLIC OF ARGENTINA, Defendant.

No. 03 Civ. 2507(TPG).

Oct. 27, 2003.

AMENDED FINAL JUDGMENT

GRIESA, J.

*1 Plaintiff EM Ltd., having moved for summary judgment, and the matter having come before the Honorable Thomas P. Griesa, United States District Court, and the Court having rendered its Opinion and Order dated September 12, 2003 granting plaintiff's motion for summary judgment and directing that judgment be entered for the par value of the 10.000% New AR$ Global Bond due September 19, 2008, ISIN # XS0130278467 held by plaintiff EM Ltd. (the "Bond"), plus accrued interest, payable in U.S. dollars at the rate of one U.S. dollar for one Argentine peso,

Now, it is

ORDERED, ADJUDGED and DECREED: That plaintiff EM Ltd. recover from defendant The Republic of Argentina the sum of (a) $595,396,345 (representing the unpaid par value of the principal on the Bond payable in U.S. dollars at the rate of one U.S. dollar for one Argentine peso), plus (b) prejudgment interest thereon at the rate of 10% per annum from September 19, 2001 until the date of this Amended Final Judgment totaling $125,114,793.73 (said prejudgment interest totaling $119,079,269 through September 19, 2003, and increasing by $163,122.29 for each of thirty seven days thereafter until the date of this Judgment), plus (c) prejudgment interest at the rate of 9% per annum on the defaulted $29,769,917.25 interest payment that came due on March 19, 2002 totaling $4,290,523.83 (said prejudgment interest totaling $4,018,925.33 through September 19, 2003, and increasing by $7,340.50 for each of thirty seven days thereafter until the date of this Amended Final Judgment).

Plaintiff EM Ltd. shall recover from the defendant, The Republic of Argentina, the total sum of $724,801,662.56.

It is further ORDERED, until further notice from the Court, that plaintiff EM Ltd. must refrain from selling or otherwise transferring the bond involved in this action, without advising the Court in advance and obtaining permission of the Court.

Execution on the judgment is stayed until October 31, 2003.

2003 WL 22454934 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works