**Westlaw.**

Slip Copy
(Cite as: 2003 WL 22743762 (S.D.N.Y.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

ALLAN APPLESTEIN TTEE FBO D.C.A. Grantor Trust and Pedro Kalbermann,
Plaintiffs,
v.
THE REPUBLIC OF ARGENTINA, Defendant.

No. 02 Civ. 4124(TPG).

Nov. 20, 2003.

Investors brought action against Republic of Argentina to recover amounts due to them by virtue of default on bonds issued. On investors' motions for summary judgment, the District Court, Griesa, J., held that: (1) Republic of Argentina owed principal and accrued interest on bonds it issued to one set of investors, but (2) fact issue existed as to whether other putative investors were beneficial owners of bonds.

Motions granted in part and denied in part.

[1] Bonds ⇐0

58k0 k.

Republic of Argentina owed principal and accrued interest on bonds it issued to investors, after Republic defaulted by declaring moratorium and by failing to make interest payments, and investors declared principal amount owed to it due and payable immediately under terms and conditions of certificates and fiscal agency agreement (FAA) upon giving notice to Republic's fiscal agent, since Republic's obligations were unconditional, sovereign immunity had been waived, and investors demonstrated that they were beneficial owners of bonds.

[2] Bonds ⇐0
58k0 k.

Genuine issue of material fact existed as to whether putative investor was beneficial owner of bonds, precluding summary judgment, in action against Republic of Argentina to recover amounts due by virtue of default on bonds issued. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

OPINION

GRIESA, J.

*Introduction*

*1 Plaintiffs Allan Applestein TTEE FBO D.C.A. Grantor Trust ("DCA") and Pedro Kalbermann ("Kalbermann") are owners of bonds issued by the defendant, The Republic of Argentina ("The Republic"). The Republic has defaulted on the bonds. Plaintiffs are suing to recover amounts due to them by virtue of the default and have moved for summary judgment. In their summary judgment motion plaintiffs claim that The Republic's obligation is unconditional and that there are no defenses.

The Republic opposes the motion asserting various defenses and moves to stay the proceedings.

Plaintiff's motion for summary judgment on their bond obligations is granted as to the DCA bonds, but denied as to the Kalbermann bonds. The motion of The Republic for a stay of the proceedings is denied, except that the court stays execution of the judgment temporarily in accordance with its decision on October 31, 2003 in *Macrotecnic v. The Republic of Argentina,* 02 Civ. 5932, *EM Ltd. v. The Republic of Argentina,* 03 Civ. 2507, *Lightwater Corp. v. The Republic of Argentina,* 02 Civ. 3804, and *Old Castle Holdings v. The Republic of Argentina,* 02 Civ. 3808.

*Facts*
*The Bond Issue*

Plaintiff DCA acquired certain bonds on or about

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 22743762 (S.D.N.Y.))

Page 2

January 30, 2001, with a principal amount of $245,000 issued by The Republic of Argentina. The series is numbered ISIN US040114AH3020. DCA has not submitted the notes or a prospectus. But as an exhibit to its Local Rule 56.1 Statement of Material Facts, DCA submits a recent statement of its brokerage account with Lehman Brothers that shows that these bonds were issued on December 20, 1993, have an interest rate of 8.375% and are due December 20, 2003. Plaintiff states that the bonds are governed by an October 19, 1994 Fiscal Agency Agreement ("FAA") between the Republic of Argentina and Bankers Trust Company (to which Deutsche Bank AG is the successor). The Republic does not contest these statements.

Plaintiff Kalbermann states that he acquired certain bonds with a principal aggregate amount totaling $1,030,000 issued by The Republic of Argentina. He declares that the bonds were issued under various series, with CUSIP Nos. 040114GD6, 040114BE9, 040114AN02. According to Kalbermann, the bonds are deposited with Euroclear under the name of Kalbermann's broker, Prudential Securities, Inc., and have been booked electronically by Prudential in Kalbermann's name. As part of his Local Rule 56.1 Statement of Material Facts, Kalbermann submits a copy of a recent brokerage statement, which shows various bonds purchased with various interest rates and maturity dates. Kalbermann's brokerage statement, however, does not list bonds that total the amount he here seeks to recover. The statement also does not list the series under which the bonds were issued. Moreover, the bonds listed on the brokerage statement appear to show seven different interest rates and maturity dates, which does not appear to support the claim that such bonds were issued under only three series. Kalbermann submits no additional information to prove that he owns the bonds, except that he submits a Notice of Acceleration written by his attorney to The Republic, that seeks to accelerate bonds with the above named CUSIP numbers with a total aggregate principal of $1,030,000.

*2 The Republic admits that Kalbermann has produced documents evidencing that he acquired certain bonds issued by the Republic, but denies all of the CUSIP numbers on the produced documents correspond with those listed in the Amended Complaint.

Kalbermann also declares that the bonds on which he seeks to recover were governed by the same October 19, 1994 FAA already mentioned above.

The FAA provides that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Upon an event of default, a bondholder is entitled to give notice declaring the principal amount immediately due and payable.

Section 22 of the FAA states that the Republic of Argentina waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York.

The FAA governing the above named series of bonds contains terms regarding event of default, consent to suit, and jurisdictional waiver that is identical to those pertaining to the bonds, about which this court entered summary judgement in favor of the plaintiffs on May 14, 2003. *Lightwater Corporation Ltd. v. The Republic of Argentina,* Nos. 02 Civ. 3804(TPG), 02 Civ. 3808(TPG), 02 Civ. 5832(TPG), 2003 WL 1878420.

*Default*

As discussed more extensively in the court's *Lightwater* opinion, 2003 WL 1878420 at *2, the Republic of Argentina is experiencing the worst economic crisis in its history. The country's gross domestic product has contracted severely each year since 1999, and tax collections have dropped sharply.

During 2001 many businesses and individuals were making substantial withdrawals of capital from the banking system, with at least $20 billion being withdrawn. As a result, on December 1, 2001 the Republic imposed restrictions on depositors' access to bank accounts, freezing $60 billion in pesos and dollars and limiting withdrawals to $1,000 per month.

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. This moratorium is still in effect.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 22743762 (S.D.N.Y.))

Page 3

*Discussion*

[1] In the *Lightwater, Old Castle, Macrotecnic* and *EM Ltd.* cases this court has already granted summary judgment to the plaintiff bondholders seeking to collect on Argentine bonds which went into default as a result of the December 24, 2001 moratorium. This court found that:

> The obligations of the Republic on the bonds involved in these lawsuits are unconditional. Sovereign immunity has been waived. The Republic defaulted on the bonds when it ceased to pay the interest. This would seem to mean that the Republic now owes the three plaintiffs principal and accrued interest.

2003 WL 1878420 at *4.

The court finds nothing in the record to distinguish DCA's case as to its unconditional legal right to collect on the bonds. DCA provides affidavits and statements of account that give the court no reason to doubt that it is the beneficial owner of the bonds. Argentina has defaulted on the bonds by declaring a moratorium and failing to make interest payments. DCA was entitled, by notice, to declare the principal amount owed to it due and payable immediately under the terms and conditions of the certificates and the FAA. DCA has so notified Argentina's fiscal agent. The Republic has not provided evidence sufficient to raise doubt as to the validity of DCA's claim. DCA is therefore entitled to summary judgment.

*3 [2] As to Kalbermann's bonds, there is simply insufficient evidence in the record to find that Kalbermann is the beneficial owner of the bonds for which he seeks summary judgment.

*The Application for a Stay*

The Republic asks the court to stay the proceedings. The court, however, has addressed the basic issues regarding a stay in *Lightwater*, 2003 WL 1878420 at *5-6. The court rules that the instant case should be dealt with no differently from the other cases on this issue.

A final stay of execution, however, has been granted in the *Lightwater* case, and the other above named cases, until January 29, 2004, or until The Republic presents its final offer to its private creditors in the current debt restructuring negotiations, whichever comes first.

*Conclusion*

Plaintiff's motion for summary judgment is granted as to the DCA bonds, but denied as to the Kalbermann bonds, without prejudice with regard to a future motion upon an appropriate Rule 56 submission detailing the beneficial ownership of the bonds. Judgment will be entered for the principal amount of the bonds plus accrued interest. The motion of the Republic for a stay of proceedings is denied, except that execution on plaintiff's judgments is stayed until January 29, 2004 or until The Republic presents its final offer to private creditors in the current debt restructuring negotiations, or whichever comes first.

SO ORDERED.

2003 WL 22743762 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works